UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 04-CR-30046-13-MAP |
| Catherine Zepka, | ) |
| | ) |
| Defendant | ) |

**Defendant's Response to Presentence Report with Objections to Guideline
Sentencing Range and Motion for Downward Departure at Sentencing
for Relevant Offender Characteristics under U.S.S.G. §5H1
and Mitigating Factors under 18 U.S.C. §3553(a)-(b)**

The Defendant, Catherine Zepka (Zepka), by counsel responds to the presentence
report (PSR) by objecting to the Probation Department's calculation of the guideline
sentencing range and moving for a downward departure therefrom based upon the
Defendant's relevant characteristics under U.S.S.G. §§ 5H1.1 (Age), 5H1.4 (Physical
Condition) and 5H1.6 (Family Ties and Responsibilities).

1.    Objection to Guideline Sentencing Range

PSR paragraphs 272 and 274: Resulting from her guilty plea to Count 52, Zepka
respectfully asserts that the amount of loss reasonably attributable to her pursuant to
U.S.S.G. §2B1.1 is the sum of $97,470.00. This amount represents the mortgage given to
Brian O'Connell (O'Connell) on June 12, 2001 by Countryside Home Loans affecting 2-
4 St. Jerome Ave., Holyoke, MA that was eventually foreclosed in December of 2002.
Consequently, a base level of 6 should be increased by 8 levels rather than 14 levels.

PSR paragraph 275: Zepka asserts that resulting from her guilty plea to Count 52, there
is one victim, not multiple victims, affected by her conduct. Consequently, a 2 level
increase should not be added to the base level.

PSR paragraph 276: Zepka asserts that she was a minimal participant and that her
conduct did not primarily and "significantly facilitate commission" of the instant offense.
Factually, Count 52 memorializes Zepka's failure to personally meet and interview
O'Connell prior to submitting his mortgage application with supporting documents
purportedly generated by Anthony Matos (Matos). Matos told Zepka that the supporting
documents were produced by O'Connell. Although she accepted responsibility for Count
52, Zepka argues that Matos' conduct, not hers, primarily and significantly facilitated the
fraudulent approval of O'Connell's mortgage.

Zepka's PSR is replete with numerous admissions by those co-defendants who primarily
directed the action that they did not even know Catherine Zepka. Not to condone or
excuse her conduct, Zepka's role was much less significant in duration and extent when
compared to others in control. The Government alleged that co-defendants Innarelli,
Matos and others began this enterprise in or about 1995, but Zepka's involvement
ostensibly didn't commence until in or about 2001. Zepka argues that she is substantially
less culpable than the average participant and lacked knowledge of the scope of the
enterprise as well as the activities of nearly all other participants. Therefore, she was
minimally involved thus enabling a 4 level decrease.

PSR paragraph 279: Zepka's guideline calculation, including 3 level acceptance of
responsibility downward adjustment, should be as follows:

| | |
|---|---|
| (273) Base Level | 6 |
| (274) Value of Loss | +8 |
| (276) Minimal Role | -4 |
| (280) Accept Responsibility | -3 |
| (281) **Total Offense Level** | **7** |

PSR paragraph 308: Zepka's guideline imprisonment range, therefore, is **0-6 months**.

## 2.     Offender Characteristics Warranting Downward Departure

### PSR paragraph 294

U.S.S.G. §§5H1.1 (Age) & 5H1.4 (Physical Condition) – Catherine Zepka is nearly 60
years old. She is heavy in weight and regularly treats for obesity and myriad serious
physical infirmities, including stress. In support and verification of her condition, Zepka
has submitted current medical records from her treating physicians.

U.S.S.G. §5H1.6 (Family Ties and Family Responsibilities) – In support of these factors,
Catherine Zepka has submitted three letters attesting to her necessary duties and
responsibilities to her family, particularly, to her ailing mother (Catherine Kalyan), her
sister (Nancy Kalyan), her daughter (Theresa Zepka-McGann) and to her grandchild
(Amanda McGann).

These conditions mitigate in favor of home confinement, rather than
incarceration, as a form of punishment for Zepka. If the Court accepts Zepka's
calculation of a 0-6 month guideline range, then, home confinement becomes equally
efficient and is less costly than incarceration and if the Court allows, would enable Zepka
to continue performing her necessary family duties and responsibilities.

Respectfully Submitted
Catherine Zupka,

Date: September 21, 2006

By:

Gary A. Ensor, Esq. #545729
34 Bridge Street
South Hadley, MA 01075
413-315-6152 *tel*
413-315-6153 *fax*

CERTIFICATE OF SERVICE

The undersigned hereby certifies under the penalty of
perjury that the foregoing document was served upon the
United States of America by mailing first class to USPO
Richard Rinaldi and copy to AUSA William Welch, 1550
Main St., Springfield, MA 01103 and fax to 413-785-0257
on Sept. 21, 2006.

Gary A. Ensor, Esq.